Tomás Burgos, demandante y apelante, v. Rafael Hernández González, como único heredero de doña Mercedes A. González Garriga, representado por su padre con patria potestad Rafael Hernández Usera, demandado y apelado.

Núm. 7546.—*Sometido:* Mayo 10, 1938.—*Resuelto:* Diciembre 23, 1938.

*C. Domínguez Rubio,* abogado del apelante; *T. Bernardini de la Huerta,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Este caso fué resuelto a base de una excepción previa y en su consecuencia los hechos alegados en la demanda pueden ser aceptados como ciertos. De ella se desprende que por escritura notarial de fecha 29 de octubre de 1926, Mercedes A. González Garriga, como resultado de la liquidación de una herencia, reconoció adeudar la suma de $10,000 a Emilia Meléndez, esposa del demandante. Sin embargo, dicha cantidad fué retenida por Mercedes A. González en concepto de préstamo que vencería el 29 de octubre de 1930 y desde luego pertenecía a Emilia Meléndez. En 1930 se redujo el préstamo a $8,000 y por esta suma fué prorrogado por un período adicional de dos años. Antes de vencer esta prórroga, la acreedora Emilia Meléndez falleció bajo testamento y designó a su esposo Tomás Burgos único y universal heredero respecto a todos los bienes de que ella podía disponer libremente y sin perjuicio de los derechos de otras personas. Al momento de su muerte no se había convenido

una nueva prórroga para el crédito de $8,000 ya mencionado. Posteriormente la deudora Mercedes González también falleció sin haber pagado parte alguna de la suma antes mencionada ni los intereses convenidos para los meses de octubre y noviembre, 1932, ni los que vencieron posteriormente.

Fundándose en estos hechos Tomás Burgos, como heredero de la acreedora original, instó demanda en febrero 6 de 1936 contra Rafael Hernández González como único heredero e hijo de Mercedes A. González, representado por su tutor, que fué más tarde sustituído por su padre en el ejercicio de la patria potestad. En adición a los hechos antes expuestos se alegó que la finada esposa del demandante había sido sobrevivida por su madre y por consiguiente que de acuerdo con la ley el demandante tenía derecho a la mitad de los $8,000, o sea a $4,000, pero dicha madre no se hizo figurar como parte en el litigio. Además de los $4,000 más los intereses alegados el demandante adujo una segunda causa de acción por la suma de $500 como daños y perjuicios por la demora en el pago de la deuda.

El demandado radicó una excepción previa por defecto de partes demandante o demandada y por falta de hechos para determinar una causa de acción. La corte inferior declaró con lugar ambas excepciones y como el demandante no enmendó dentro del período estatutario, dictó sentencia declarando sin lugar la demanda con costas al demandante.

En apelación se señalan dos errores. El primero de ellos ataca la teoría de la corte sentenciadora al efecto de que no se adujo causa de acción alguna toda vez que no había habido partición ni adjudicación de la herencia. La corte resolvió que la partición debe preceder al derecho de un heredero a recobrar físicamente cualquier parte específica de la herencia aunque no para obtener la determinación judicial de su participación en la misma. El otro señalamiento ataca la necesidad de unir al coheredero bien como demandante o demandado, toda vez que el asunto en controversia es dinero.

■■ El apelante niega que hubiera necesidad de efectuar una partición antes de poderse obtener sentencia en un caso como el presente, principalmente debido a que apenas parece ser necesario que los coherederos convengan en qué cantidad de dinero ha de recibir cada uno. El apelante alega en su alegato que todo dólar es similar. Hemos leído los comentarios de Manresa, Scævola, Guijarro y Martínez Ruiz y otros sobre la cuestión que está ante nos y aunque ninguno de ellos toca el punto exacto en disputa, sus criterios generales sobre la cuestión sostienen la decisión de la corte inferior.

Al discutir el artículo 1068 del Código Civil Español, que es idéntico al 1021 de nuestro Código Civil, Manresa dice:

"Así, por la herencia se transmite la universalidad de bienes y derechos del causante; pero se transmite el todo indeterminadamente a todos los herederos, y por lo mismo ninguno de éstos puede decirse propietario exclusivo de cosa alguna de la sucesión. Al realizarse la partición es cuando el derecho de cada heredero se individualiza y determina, y adjudicando cosas o derechos particulares a uno de ellos en pago o representación de su haber o de su cuota indivisa, se adquiere por el adjudicatario la propiedad exclusiva de esos derechos u objetos especiales, y se pierde toda participación en las cosas o derechos de la herencia adjudicados a los demás." Manresa, Comentarios al Código Civil Español, vol. VII, págs. 788-789.

"Cuando existe partición, o cuando se trata de hacer constar un derecho extensivo sobre bienes determinados de una herencia, entonces aun sigue siendo ese testamento o esa declaración de herederos el título primordial o esencial que justifica la transmisión del causante o sus sucesores, el título que acredita el derecho de éstos para dividir entre ellos los bienes, o para recibirlos, ya separados y determinados, en partición hecha por un tercero competentemente autorizado al efecto. Pero ese título no basta: es preciso además que conste de algún modo, en una u otra forma, según el objeto que se persiga o los derechos que quieran hacerse efectivos, la existencia de la partición, porque sólo ella puede conferir, como dice el art. 1,068, a cada heredero la propiedad exclusiva de los bienes que le hayan sido especialmente adjudicados. Título este último traslativo o declarativo, la Dirección general de los Registros nunca ha negado su necesidad, aunque siempre la haya atribuido una im-

portancia secundaria con relación a la Ley o al testamento, que en todo caso deben mirarse como título principal." Id., pág. 791.

"Como dijimos en las *ideas generales,* la partición de la herencia envuelve en realidad un acto de traslación de la propiedad. Ha existido la indivisión o comunidad de bienes, y con ella el derecho de cada partícipe sobre su porción o cuota abstracta para enajenarla o hipotecarla y existe luego la división de la cosa común, que sustituye aquella porción abstracta con bienes o cosas concretas y determinadas. Al cedente o enajenante sustituye en todo o en parte el cesionario y tiene derecho a intervenir en la partición." Id., pág. 794.

La Sentencia del Tribunal Supremo de España de 26 de enero de 1906 (103 J. C. 171) en uno de sus considerandos más importantes resuelve:

"Que es doctrina del Tribunal Supremo, consignada en varias sentencias y especialmente en la de 4 de abril de 1905, que si bien el heredero puede disponer, aun antes de que se practique la división de la parte ideal o indeterminada que haya de corresponderle en la herencia, mientras ésta no se liquida, y, por consecuencia de ello, no se hace la correspondiente adjudicación de lo que a aquél corresponda, carece de verdadero título de dominio, y por consiguiente, no puede enajenar ni gravar bienes concretos y determinados a cuya universalidad le da derecho el testamento."

Esta doctrina ha sido observada y sostenida por varias decisiones de esta corte. *Muñoz* v. *Registrador,* 41 D.P.R. 677, *Capó* v. *Fernández,* 27 D.P.R. 715 y *Sucesión de Jesús* v. *Pérez,* 28 D.P.R. 319. En todos estos casos los bienes envueltos eran inmuebles.

La duda que hemos abrigado ha sido disipada por las aserciones de Manresa y Scævola al efecto de que la "partición" es un acto de transmisión de título y no meramente uno que declara o fija los límites de un título ya conferido. Antes de efectuarse tal operación los herederos no tienen título específico alguno sobre ninguna parte de la herencia en forma tal que puedan disponer de la misma libremente. *Véase Sentencia del Tribunal Supremo de España de junio 11, 1897.* (81 J.C. 1112).

Desde luego es innecesario, y ciertamente irrazonable, cuando la herencia se compone íntegramente de dinero, exigir la partición previa si todos los herederos son incluídos como partes litigantes. En tal caso el pleito podría considerarse como sustituto de la partición judicial. Empero, existen varias razones para exigir que todos los herederos sean incluídos. En primer lugar, no debemos perder de vista el hecho de que según la ley y la jurisprudencia, los herederos reciben la herencia en común y pro indivisa. Para poner fin a esta comunidad hay que consultar o dar plena oportunidad a todos para intervenir. En segundo lugar, el heredero que trata de recobrar una porción monetaria específica de una herencia puede que no tenga derecho a esa porción debido a anticipos héchosle por el testador o predecesor que están sujetos a colación. Además aunque se admite que el demandado en el presente caso adeuda $8,000, esta cantidad la debe en globo y no debe forzársele, quizá a su propio riesgo, a que determine si el demandante tiene legalmente derecho a $4,000 de la misma. Es en verdad mucho más adecuado que todos los herederos se unan en la demanda a fin de que la reclamación contra el deudor pueda ser plena y finalmente resuelta. Un testador no está obligado a dividir su obligación original en tantas deudas como herederos haya de su acreedor. Tiene derecho a pagar de una vez y para siempre, bien a todos los herederos directamente o a sus representantes debidamente nombrados.

Es además obvio que la cosa a dividirse en este caso no es específicamente dinero sino un "chose in action" o una reclamación y por ende momentáneamente indivisible.

Hubo una moción para desestimar el recurso por frívolo y académico, debido a una transacción celebrada posteriormente por el apelante y varias otras personas. No podemos considerar la escritura en este momento ni en la forma presentada. Como la apelación no parece haber sido frívola, la moción debe ser declarada sin lugar.

*Por los motivos anteriores, la sentencia de la corte inferior debe ser confirmada.*

Los Jueces Sres. Presidente Del Toro y Asociado De Jesús no intervinieron.