FRANCES OSORIO LOIZ y BARTOLO OSORIO VEGA, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, SECCIÓN PRIMERA, recurrido.

*Número:* O-82-255    *Resuelto:* 27 de mayo de 1982

*Gloria M. Mimoso Raspaldo*, abogada de los recurrentes; el Registrador recurrido compareció *pro se.*

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El Registrador de Caguas I denegó la inscripción de tres escrituras mediante las cuales, y por precio de $1,300 por parte, tres de los hermanos de la menor de 20 años Frances Osorio Loiz vendieron a ésta sus participaciones hereditarias en una casa vivienda en Urb. Villa Turabo, Caguas, presentadas al Registro con la resolución sobre declaratoria de herederos y certificación de Hacienda que acredita la cancelación de gravamen sobre bienes relictos. Adujo el Registrador, 1) que faltaba la previa adjudicación mediante

partición; (¹) y 2) que la operación requiere autorización judicial. (²)

■ La parte recurrente señala la que considera innecesidad de la previa inscripción de la partición antes de la enajenación de las cuotas o porciones hereditarias, fundada en que la exigencia del Art. 95 de la Ley de que al inscribir el derecho hereditario se exprese en el asiento la parte que a cada uno de los herederos corresponda, tiene efecto de tracto sucesivo abreviado, al que nada tiene que añadir la escritura o resolución judicial de división. Debemos recordar que mientras persista el estado de indivisión en la comunidad hereditaria, aun cuando sea fácilmente determinable la cuota individual, —que en el presente caso es un quinto de la mitad ó 2/10 del inmueble— el dominio de cada heredero estará difuso o diluido por toda dicha mitad de la finca en espera de que el efecto *distributivo* de la partición concrete

---

(¹) En lo pertinente ordena el Art. 95 de la Ley Hipotecaria:

"Para inscribir adjudicaciones concretas, deberán determinarse en escritura pública o por resolución judicial firme, los bienes o partes indivisas de los mismos que correspondan o se adjudiquen a cada titular o heredero, o también escritura pública a la cual hayan prestado su consentimiento todos los interesados, si se adjudicare solamente una parte del caudal y aquéllos tuvieren la libre disposición del mismo.

"No se inscribirán enajenaciones o gravámenes de cuotas específicas en una finca que no se haya adjudicado antes en la correspondiente partición."

Y reitera el Art. 102.1 del Reglamento:

"A tenor con lo dispuesto en el artículo 95 de la Ley [30 L.P.R.A. sec. 2316] y la sec. 2003-50.1 de este Reglamento, tanto en la inscripción del derecho hereditario como en la de sentencia de divorcio que pueda inscribirse bajo el artículo 1330 del Código Civil [31 L.P.R.A. sec. 3714], el Registrador hará constar claramente que la finca o derecho donde se inscriba pertenece a un patrimonio indiviso y que no podrán ser trasmitidos o gravados cuota o porciones del dominio sobre la finca o derecho de que se trate, sino por todos los titulares, a menos que haya mediado partición y adjudicación inscrita a favor del transmitente."

(²) Dispone el Art. 159 del Código Civil, 31 L.P.R.A. sec. 616:

"El ejercicio de la patria potestad no autoriza a ninguno de los padres para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de dos mil (2,000) dólares, pertenecientes al hijo, y que estén bajo la administración de ambos o de cualquiera de ellos, sin previa autorización de la Sala del Tribunal Superior en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o del gravamen, y de acuerdo con lo dispuesto en la ley referente a procedimientos legales especiales."

y precise lo que a cada cual corresponde. *Shivell* v. *Barber y Boscio*, 92 D.P.R. 400, 410 (1965). La prohibición de enajenar o gravar cuotas específicas en una finca que no haya sido objeto de partición, inserta en el párrafo final del Art. 95 de la Ley, que se repite en el Art. 102.1 del Reglamento, tiene raíz y fundamento en el Art. 1021 del Código Civil que declara: "La partición legalmente hecha confiere a cada heredero la propiedad exclusiva de los bienes que le hayan sido adjudicados"; y la posición de los recurrentes fue rechazada por este Tribunal en *Burgos* v. *Hernández*, 54 D.P.R. 37 (1938), bien fundada opinión que perdura en su valor de precedente.

El segundo motivo de denegatoria se funda en el Art. 159 del Código Civil, 31 L.P.R.A. sec. 616, que todavía limita y reduce a $2,000 la facultad dispositiva del padre para enajenar o gravar —sin autorización judicial— bienes *muebles* pertenecientes al hijo sujeto a patria potestad. La compra o inversión por el padre para el menor necesariamente representa la · *enajenación* de aquella parte del dinero del menor que constituye el precio. La operación no debe evadir la comprobación judicial de su necesidad y utilidad, para proteger al menor de malos negocios. Esa fue la razón que inclinó a este Tribunal a imponer el requisito de autorización judicial para tomar dinero a préstamo a nombre del menor a pesar de que la operación no representa a primera vista un acto de gravamen o enajenación. *Vilariño Martínez* v. *Registrador*, 89 D.P.R. 598 (1963). En el caso que nos ocupa la prohibición impide la inversión por el padre de dinero de su hija, sin autorización judicial, de $3,900 —precio de las tres participaciones adquiridas— $2,600 de los cuales constituyen precio en dos escrituras del mismo día 30 noviembre, 1981. La afección del inmueble a un gravamen hipotecario es elemento adicional que justifica la supervisión por el Tribunal Superior de los intereses de la menor.

Los propios recurrentes reconocen que hay recursos

legales viables para obtener la inscripción y a dicha alternativa deben acudir.

*Se confirmará la calificación del Registrador.*