RG-1999-002                                        1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Luis Gierbolini,; Edna Margarita Gierbolini Colón, Ramón Burgos Figueroa y la Sociedad Legal de Gananciales constituida por éstos<br>    Recurrentes<br><br>    v.<br><br>Registrador de la Propiedad, Sección de Barranquitas, Hon. Jaime A. Miranda Colón<br>    Recurrido | Recurso Gubernativo<br><br>2000 TSPR 86 |

Número del Caso: RG-1999-02

Fecha: 14/junio/2000

Abogado de la Parte Recurrente:

                    Lcdo. Francisco José Ortiz Bonilla

Hon. Registrador de la Propiedad
Sección de Barranquitas:

                    Hon. Jaime A. Miranda Colón

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Luis Gierbolini; Edna Margarita
Gierbolini Colón, Ramón Burgos Figueroa
y la Sociedad de Gananciales constituida
por éstos

     Recurrentes

                                    RG-1999-002
       v.

Registrador de la Propiedad, Sección de
Barranquitas, Hon. Jaime A. Miranda
Colón

     Recurrido

SENTENCIA

San Juan, P.R. a 14 de junio de 2000.

Hoy nos toca resolver si un heredero puede ceder sus acciones y derechos sobre un inmueble sin haberse practicado partición alguna y si dicha cesión es inscribible. Por medio de la presente decisión confirmamos la denegatoria por parte del Hon. Registrador de la Propiedad, Sección de Barranquitas, de la inscripción de una escritura de cesión de derechos y acciones hereditarias.

I

El 9 de junio de 1998 el Sr. José L. Gierbolini Colón, la Sra. Edna M. Gierbolini Colón y su esposo, Ramón Burgos Figueroa, en adelante los recurrentes, otorgaron la Escritura Número 32,

ante el Notario Francisco José Ortiz Bonilla,titulada "Cesión de Derechos y Acciones Hereditarias". En dicha escritura, el Sr. Gierbolini cedió sus derechos hereditarios sobre un bien inmueble[1] a su hermana, Edna M. Gierbolini Colón, y al esposo de ésta por la suma de $30,000.00.[2]

Los hermanos Gierbolini Colón adquirieron sus derechos sobre el referido inmueble luego de haber sido declarados herederos de su madre, Doña Modesta Colón Colón, mediante resolución sobre declaratoria de herederos emitida el 4 de abril de 1998, por la Hon. Marylin Martir Gaya, Juez.

El 21 de julio de 1998 el notario autorizante presentó copia certificada de la escritura ante el Registro de la Propiedad, Sección de Barranquitas. El 2 de septiembre de 1999, el Hon. Jaime A. Miranda

---

[1] ―――――"**URBANA:** Solar que marca con el Número Ocho "D" (8-D), de la Urbanización Residencial San José, sita en Aibonito, Puerto Rico, con cabida superficial de TRESCIENTOS CINCUENTA Y DOS PUNTO CUARENTA Y TRES METROS CUADRADOS (352.43 m/c), y en lindes, por el NORESTE, en Trece metros, con el Doctor Víctor M. Rivera; por el NOROESTE, en Veintisiete Punto Once metros con el Solar Número Siete; por el SURESTE, en Veintisiete Punto Once metros, con el Solar Número Nueve; y por el SUROESTE, en Trece metros, con la Calle B de la Urbanización.――――――

―――Enclava una casa de hormigón reforzado, de una planta para una sola familia, modelo A guión Uno (A-1), Tipo Tres guión Uno (3-1), y que contiene sala, comedor, cocina, tres dormitorios, un baño y marquesina para un sólo [sic] automóvil."―――――――――――――――――――――――――――――――――――――――

El descrito inmueble figura inscrito al Folio 204 del Tomo 103 de Aibonito; Finca Núm. 4,652.

[2] Las cláusulas primera y segunda de la escritura, página tres (3), disponen lo siguiente:

―――――PRIMERA: EL CEDENTE, por la presente CEDE, RENUNCIA y TRASPASA a favor de los comparecientes de la Segunda Parte, todo derecho, acción o interés que le favorezca en el inmueble de referencia, y los comparecientes de la Segunda Parte adquieren dichos derechos, con todos sus usos, anexos y servidumbres y cuanto queda por el mismo constituido, para que lo POSEAN, USEN y DISFRUTEN como sus únicos y legítimos propietarios.
―――――SEGUNDA: Se realiza la cesión de derechos correspondientes al compareciente de la Primera Parte, en atención a la suma de TREINTA MIL DOLARES ($30,000.00), pagaderos en moneda de cuño legal de los Estados Unidos de Norte América, y cuya suma confiesa "EL CEDENTE" recibir, de manos de los adquirentes, en este acto, a su entera satisfacción, extendiendo dicho compareciente de la Primera Parte la más formal y eficaz carta de pago, y confesando no tener ninguna ulterior reclamación que formular en relación a

Colón, actuando en su capacidad de Registrador, remitió notificación denegando la inscripción del Instrumento Público. En dicha notificación expuso que el instrumento adolecía de falta constitutiva de impedimento para su inscripción. El Registrador señaló que "[e]sta finca o derecho pertenece a un patrimonio indiviso y que no porán [sic] ser transmitidos o gravados cuotas o porciones de la misma sinó [sic] por todos los titulares a menos que halla mediado partición o adjudicación inscrita [a]favor del transmitente ART 95 Ley 198."[3]

Al no estar conforme con la nota denegatoria, los recurrentes, a través del notario autorizante, sometieron escrito de Recalificación el 22 de septiembre de 1999. El 1 de octubre de 1999, el Registrador reafirmó la calificación previamente realizada, denegó la inscripción solicitada y consignó la anotación preventiva de rigor por el término legal de sesenta (60) días. Por lo cual, los recurrentes acudieron ante nos, mediante recurso gubernativo presentado el 18 de octubre de 1999, impugnando la calificación del Registrador al éste sostener que el acto celebrado constituye transmisión o gravamen de cuotas o porciones que requieren partición o adjudicación particional previa por todos los titulares y no una cesión de derechos en abstracto de un co-titular a otro. Por su parte, el Registrador recurrido presentó su alegato el 5 de noviembre de 1999.

Teniendo el beneficio de ambas comparecencias, procedemos a resolver lo que en derecho procede.

## II

Como regla general, al morir una persona, los derechos y obligaciones de ésta se trasmiten a sus herederos. Art. 599 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2081. El conjunto de bienes, derechos y obligaciones que no se extinguen con la muerte del causante se conoce como herencia. 31 L.P.R.A. sec. 2090. Si hay más de un

---

los derechos y acciones que por este acto transfiere a los comparecientes de la Segunda Parte.

[3] Apéndice del Recurso Gubernativo, pág. 7.

llamamiento a la universalidad de la herencia, entonces, surge lo que conocemos como comunidad hereditaria. *Cintrón Vélez* v. *Cintrón De Jesús*, 120 D.P.R. 39, 48 (1987).[4] La apertura de la herencia, a la que estén llamados varios herederos, da vida a la comunidad hereditaria mientras que la partición o división concluye la misma. *Id*. Véase, J. Castán Tobeñas, *Derecho Civil Español, Común y Foral*, 8va ed., Madrid, Ed. Reus, 1978, T. VI, Vol. I, pág. 296.

Al igual que el Código civil español, nuestro Código Civil, en su Art. 1005, reconoce la existencia de la comunidad hereditaria al señalar que "[n]ingún heredero podrá ser obligado a permanecer en la indivisión de la herencia, a menos que el testador prohíba expresamente la división". 31 L.P.R.A. sec. 2871. Sin embargo, el mismo carece de preceptos específicos sobre cómo se rige la comunidad hereditaria. *Kogan* v. *Registrador*, 125 D.P.R. 636, 651 (1990); *Cintrón Vélez* v. *Cintrón De Jesús*, supra, pág. 49.[5] Véase, J. Puig Brutau, *Fundamentos de Derecho Civil*, 2da ed., Barcelona, Ed. Bosch, 1975, T. V, Vol. I, pág. 366; Vélez Torres, *op. cit.,* pág. 485.

Respecto a lo anteriormente señalado, Castán Tobeñas expresa que "[l]a doctrina tradicional, y lo mismo el Código civil, sólo contemplan la comunidad hereditaria en su fase o momento de terminación por la partición, desentendiéndose de la regulación específica de la misma". Castán Tobeñas, *op. cit., pág. 296*; véase también, Puig Brutau, *op. cit.* Añade, que esto "explica en gran parte los problemas y los debates

---

[4] Sólo hay comunidad cuando concurren más de un heredero [siempre que haya aceptado] ya que si sólo hay uno no es necesaria la partición. J. R. Vélez Torres, *Curso de Derecho Civil*, 2da ed., San Juan, Univ. Interamericana de P.R., Facultad de Derecho, 1997, T. IV, Vol. III, pág. 482.

[5] En *Cintrón Vélez* v. *Cintrón De Jesús,* supra, pág. 49, reiterado en *Kogan* v. *Registrador*, supra, pág. 651, citando con aprobación a Lacruz Berdejo y a Sancho Rebullida, señalamos que la comunidad hereditaria se rige en primer lugar "por las disposiciones imperativas del Código civil; luego, por la voluntad del causante; luego, por las disposiciones que, dentro del título de la división de la herencia, le [sean]...aplicables; y, [por último], por las disposiciones generales contenidas en el [capítulo sobre comunidad de bienes], en lo que fueren compatibles con ser la here[ncia] una comunidad universal".

que en torno a la división hereditaria, carente de regulación legal, se han producido". *Id*. La comunidad hereditaria es "una situación transitoria e inestable, fuente de litigios, obstáculo al establecimiento de relaciones jurídicas regulares y dañosa a la economía..." J.L. Lacruz Berdejo y. F.A. Sancho Rebullida, *Derecho de Sucesiones*, 2da. ed., Barcelona, Ed. Bosch, 1976, T.I, pág. 150. Por lo cual, el Código Civil no resuelve la cuestión "de si el derecho de los coherederos recae globalmente sobre la herencia (derecho hereditario en abstracto) o si implica una participación o cuota sobre cada objeto o relación jurídica que la integran". Puig Brutau, *op. cit*.

En *Kogan* v. *Registrador*, supra, pág. 650, señalamos que "la comunidad hereditaria recae sobre la herencia considerada como una *universitas iuris*". (Bastardillas en el original). Es decir, que el objeto de la comunidad hereditaria es la herencia como un todo y no cada bien, derecho u obligación en particular.[6] Por lo cual, lo que cada coheredero obtiene es un derecho sobre la herencia,

---

[6] Véase, J. L. Lacruz Berdejo y F. A. Sancho Rebullida, *op. cit.,* págs. 132-134; J. R. Vélez Torres, *op. cit.*, pág. 495; Juan Vallet de Goytisolo, *Panorama del Derecho de Sucesiones*, Madrid, Ed. Civitas, S.A., 1984, T. II, págs. 693-700; J. Ferrandis Vilella, *La Comunidad Hereditaria*, Barcelona, Ed. Bosch, 1954, pág. 43-45; J. Castán Tobeñas, *op. cit.*, pág. 298; J. Puig Brutau, *op. cit.*, págs. 367, 372; L. Diez-Picaso y A. Gullón, *Sistema de Derecho Civil*, 7ma ed., Madrid, Ed. Tecnos, S.A., 1997, Vol. IV, pág. 572; 49-50 Revista de Derecho Notarial, *Los Derechos de Cada Coheredero en la Disposición Conjunta y el Tracto Sucesivo*, por Alfredo García y Bernardo Landeta, (Julio-Dic 1965), 83.

no sobre los bienes concretos. "Los interesados tienen sobre el patrimonio del causante la titularidad de una cuota en abstracto, pero no sobre bienes en particular." *Id.*, pág. 652. De acuerdo a la doctrina española, este derecho se conoce como derecho hereditario *in abstracto*.[7] J. Ferrandis Vilella, *op. cit.*, págs. 16, 45-49.

El derecho hereditario *in abstracto* implica que mientras no se efectúe la partición ningún coheredero puede reclamar un derecho específico sobre algún bien sino "un derecho en el complejo hereditario".[8] *Kogan* v. *Registrador*, supra, pág. 652; *Cintrón Vélez* v. *Cintrón De Jesús*, supra; *Burgos* v. *Registrador*, 54 D.P.R. 37, 40 (1938); *Esteves* v. *Del Río et al*, 7 D.P.R. 280 (1904). Al aceptar la herencia, "cada heredero adquiere un derecho independiente sobre la herencia...y la cuota que en ella le corresponda ingresa inmediatamente en su patrimonio como un valor *autónomo e independiente que sólo a él pertenece* y del que, por tanto, puede disponer con entera libertad". (Énfasis en el original). *Id.* En otras palabras, cada coheredero puede enajenar su cuota abstracta o participación en el derecho hereditario.[9]

Sin embargo, lo antes expresado no implica que cada coheredero, antes de la partición, pueda disponer o gravar de forma alguna de una cuota específica sobre un bien que forme parte de la herencia. *Osorio* v. *Registrador*, 113 D.P.R. 36 (1982).[10] Esto es así ya que, además de no

---

[7] Algunos autores hablan de un derecho hereditario *in concreto* luego de haberse realizado la partición ya que mediante la misma se adjudican los bienes concretos. Véase, José Ferrandis Vilella, *La Comunidad Hereditaria*, Barcelona, Ed. Bosch, 1954, págs. 46-47; Juan Vallet de Goytisolo, *Panorama del Derecho de Sucesiones*, Madrid, Ed. Civitas, S.A., 1984, págs. 693-694.

[8] El Art. 1021 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2901, expresa que "[l]a partición legalmente hecha confiere a cada heredero la propiedad exclusiva de los bienes que le hayan sido adjudicados".

[9] Véase J. Puig Brutau, *op. cit.*, pág.365.

[10] [M]ientras persista el estado de indivisión en la comunidad hereditaria, aun cuando sea fácilmente determinable la cuota individual, ..., el dominio de cada heredero estará difuso o diluido por toda dicha mitad de la finca en espera de que el efecto *distributivo* de la partición concrete y precisa lo que a cada cual corresponde. Pág. 38.

tener un derecho particular sobre un bien de la herencia, como señala Vallet de Goytisolo, puede darse la situación en que al coheredero no le corresponda nada sobre ese bien. Vallet de Goytisolo, *op. cit.*, pág. 699.

No obstante, en varias ocasiones hemos señalado que se puede enajenar o gravar parte o la totalidad de un bien específico de la herencia si todos los coherederos en la comunidad hereditaria se ponen de acuerdo y llevan a cabo el negocio jurídico, ya que "la suma de los derechos de los condueños equivale al de un propietario singular". *Kogan* v. *Registrador,* supra.

Contrario a la legislación española donde se anota preventivamente,[11] nuestro ordenamiento inmobiliario registral permite la inscripción del derecho hereditario. Art. 95 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2316. El derecho hereditario, conforme al Art. 50.1 del Reglamento Hipotecario, se inscribe "en todas las fincas señaladas por los herederos interesados, como partes del caudal relicto por el causante, pero no como si hubiese creado un estado de condominio en cada una de las fincas o derechos inscritos a favor del causante, en caso de ser más de un heredero".

A pesar de que el derecho hereditario tiene acceso al Registro de la Propiedad, las enajenaciones de cuotas específicas de un inmueble, previa adjudicación no tienen cabida en el mismo. La Ley Hipotecaria en su Art. 95, 30 L.P.R.A. sec. 2316, dispone:

---

[11] El Art. 42 de la Ley Hipotecaria española dispone que "p[ueden] pedir anotación preventiva ... los herederos respecto de su derecho hereditario, cuando no se haga

...continúa

[11] ...**continuación**

especial adjudicación entre ellos de bienes concretos, cuotas o partes indivisas de los mismos". Respecto a esto, Roca Sastre indica que la anotación preventiva del derecho hereditario evita la confusión de que se entienda que lo "inscrito era una cuota indivisa *sobre cada finca o derecho* integrante de la herencia y no la participación abstracta y global sobre el patrimonio hereditario contemplado como una unidad u objeto superior". (Énfasis en el original) R. Roca Sastre y L. Roca-Sastre Muncunill, *Derecho Hipotecario*, 8va ed., Barcelona, Ed. Bosch, 1997, t. VI, pág. 481.

> [p]ara inscribir adjudicaciones concretas, deberán determinarse en escritura pública o por resolución judicial firme, los bienes o partes indivisas de los mismos que correspondan o se adjudiquen a cada titular o heredero, o también escritura pública a la cual hayan prestado su consentimiento todos los interesados, si se adjudicare solamente una parte del caudal y aquéllos tuvieren la libre disposición del mismo.
>
> **No se inscribirán enajenaciones o gravámenes de cuotas específicas en una finca que no se haya adjudicado antes de la correspondiente partición.** (Énfasis nuestro).

Examinando el historial legislativo de este artículo encontramos que se incluyó "una disposición inspirada en la legislación española, muy acorde con el Código Civil en cuanto a la naturaleza del derecho hereditario". 33 *Diario de Sesiones de la Asamblea Legislativa* 1122 (1979). Esta disposición se incluyó "expresamente, para que no haya dudas, que las enajenaciones de cuotas específicas no adjudicadas, no serán inscribibles". *Id*. La razón para esto es "la defensa de posteriores adquirentes contra condiciones no expresas, pues es sabido que dichas enajenaciones quedan sujetas a futuras particiones entre los herederos. Queda claro que la totalidad o parte del derecho hereditario, en abstracto, sí es enajenable".[12]  *Id.*, págs. 1122-1123. Nuestro ordenamiento hipotecario clara y tajantemente prohíbe las enajenaciones de cuotas específicas sobre un bien hereditario, si se hace previo a la partición.

Añade el Reglamento Hipotecario, en su art. 102.1, que:

> [a] tenor con lo dispuesto en el Artículo 95 de la Ley [30 L.P.R.A. sec. 2316] y la sec. 50.1 de este Reglamento, tanto en la inscripción del derecho hereditario como en la sentencia de divorcio que pueda inscribirse bajo el Artículo 1330 del Código Civil [31 L.P.R.A. sec. 3714], el Registrador hará constar claramente que la finca o derecho que se inscriba pertenece a un patrimonio indiviso y **que no podrán ser transmitidos o gravados cuota [sic] o**

---

[12] Es de rigor aclarar que aquí se refiere al derecho hereditario como la suma de las cuotas ideales de cada heredero. Por eso se dice que la totalidad o parte del derecho hereditario es enajenable. No significa que cada heredero puede enajenar parte de su cuota, ya que esto es imposible. "Lo que se enajena (en el más amplio sentido del término 'enajenación' es, pues, la parte, es decir, la *cuota* de cada uno en la comunidad" (Bastardillas en el original). J. Ferrandis Vilella, *op. cit.,* págs. 188-189.

**porciones del dominio sobre la finca o derecho de que se trate, sino por todos los titulares, a menos que haya mediado partición y adjudicación inscrita a favor del transmitente.** (Énfasis nuestro).

Luego de exponer la doctrina aplicable, procedemos a resolver.

III

En el caso de marras, al morir la madre de los hermanos Gierbolini Colón se estableció una comunidad hereditaria, en la cual cada uno de los hermanos tenía una cuota abstracta en el derecho hereditario, no sobre algún bien en específico. Por lo cual, cada uno sólo podía enajenar su participación en la herencia.

En la escritura objeto de la denegatoria compareció el heredero José L. Gierbolini Colón cediéndole su participación en un inmueble, perteneciente a la herencia de la madre de ambos, a la sociedad de gananciales compuesta por su hermana, también heredera, y su cuñado por la suma de $30,000.00. Según consta del expediente, no se ha realizado partición alguna en la cual se haya adjudicado el referido inmueble. La intención del cesionario fue ceder "todo derecho, acción o interés que le favore[ciera] en el inmueble de referencia..."[13] Por lo tanto, la transacción llevada a cabo es una enajenación de una cuota específica sobre un bien concreto y particular, lo cual está proscrito por nuestro ordenamiento. Para realizar la transacción como una inscribible en el Registro de la Propiedad era necesario que se hubiese practicado la partición.[14]

No nos persuade la alegación de los recurrentes de que en el presente caso no hace falta la partición ya que el Artículo 95 de la Ley Hipotecaria dispone que no es necesaria "la adjudicación previa en caso de que una sola persona haya adquirido todas las participaciones que los interesados tenían en el derecho hereditario". 30 L.P.R.A. sec. 2316. No le asiste la razón a los recurrentes porque, en el supuesto que pudiese realizar la cesión, la cesionaria sería la sociedad de

---

[13] Página 3 de la escritura. Apéndice del Recurso Gubernativo, pág. 4

gananciales compuesta por la Sra. Edna Margarita Gierbolini Colón y su esposo. Es principio ampliamente conocido que la sociedad legal de bienes gananciales "no absorbe la personalidad individual de los cónyuges que la integran"; por lo cual, la misma es una entidad separada con propia personalidad, distinta a la de sus componentes. Int´l Charter Mortgage Corp. v. Registrador, 110 D.P.R. 862, 867 (1981).[15] Aplicando este precepto a la presente situación, una participación le correspondería a la Sra. Edna Margarita Colón, debido a su carácter de heredera, y la otra participación le pertenecería a la sociedad legal de bienes gananciales compuesta por ésta y su esposo. En vista de esto, no se cumple el requisito del Art. 95 de la Ley Hipotecaria de que todas las participaciones le pertenezcan a una sola persona para no tener que realizar una partición.

En el presente caso, tampoco podría darse la situación de que todos los herederos[16] comparezcan a vender el bien concreto a la sociedad legal de bienes gananciales, compuesta por la Sra. Edna M. Gierbolini Colón y su esposo, ya que uno de los herederos vendedores forma parte de la sociedad legal de bienes gananciales compradora. Esta transacción estaría opuesta al Art. 1347 del Código Civil, 30 L.P.R.A. sec. 3772, que dispone que "[e]l marido y la mujer no podrán venderse bienes recíprocamente, sino cuando se hubiese pactado la separación de bienes, o cuando hubiera separación judicial de los mismos bienes, autorizada con arreglo a los artículos 1327 al 1332". Véase Int´l Charter Mortgage Corp. v. Registrador, supra.

Por los fundamentos esbozados, se confirma la calificación del Registrador.

---

[14] Los recurrentes no colocaron al Registrador en posición de determinar que la herencia está compuesta por un solo bien.

[15] Véase además, Quiñones López v. Manzano Pozas, Opinión de 25 de junio de 1996, 96 JTS 95; Reyes Castillo v. Cantera Ramos, Inc., Opinión de 24 de enero de 1996, 96 JTS 9; Ríos Román v. Registrador, 130 D.P.R. 817 (1992); Cruz Viera v. Registrador, 118 D.P.R. 911 (1987); Pauneto v. Núñez, 115 DPR 591 (1984).

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal. La Juez Asociada señora Naveira de Rodón concurre sin opinión escrita. El Juez Asociado señor Fuster Berlingeri disiente con opinión escrita. El Juez Asociado señor Negrón García no interviene.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

---

[16] Los recurrentes no presentaron la resolución sobre declaratoria de herederos.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José L. Gierbolini; Edna
M. Gierbolini Colón, Ramón
Burgos Figueroa y la Soc.
de Gananciales constituida
por éstos

    Recurrentes

                                  RG-1999-2

      vs.

Registrador de la Propiedad,
Sección de Barranquitas,
Hon. Jaime A. Miranda Colón

    Recurrido

Opinión Disidente emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 14 de junio de 2000.

Una vez más debo disentir de un dictamen de una mayoría de este Tribunal que interpreta y aplica las normas jurídicas con un rigorismo textual extremo, dando lugar así a un resultado ineficaz. Se trata de otra instancia en la que prevalece el enfoque **conceptualista**, con el cual se concibe a las normas jurídicas sólo en su más estrecho sentido literal, como si los conceptos legales tuvieran vida propia e independiente de los fines sociales que sirven y que le dan su razón de ser.

En el caso de autos, los **únicos** dos herederos de un mismo bien inmueble, dos hermanos, han **consentido** mediante una escritura pública a un negocio para la cesión de ese inmueble, como bien pueden hacerlo

conforme a lo que resolvimos ya en <u>Kogan v. Registrador</u>, 125 D.P.R. 636 (1990). Las propias disposiciones citadas por la mayoría en la sentencia del Tribunal—-el Art. 95 de la Ley Hipotecaria y el Art. 102.1 del Reglamento Hipotecario—-disponen para la inscripción correspondiente "cuando hayan prestado su consentimiento todos los interesados" (Art. 95) o "por todos los titulares" (Art. 102.1).

A la luz del evidente consentimiento de los únicos dos "interesados", los dos "titulares", condueños del bien en cuestión, la cesión de éste es válida; y es <u>inscribible</u> conforme lo que resolvimos en <u>Universal Funding Corp. v. Registrador</u>, 133 D.P.R. 549 (1993). Se inscribiría el inmueble como perteneciente en un 50% a la sociedad de gananciales, integrada por la heredera y su marido, que adquirió la cuota hereditaria cedida por el otro heredero; y como perteneciente en el otro 50% a la heredera cesionaria, quien integra la sociedad aludida con su marido, como bien privativo de dicha coheredera.

Nótese que tratándose de dos hermanos que heredaron <u>ab intestato</u>, **<u>y que fueron declarados judicialmente como únicos herederos</u>**, tienen derecho por ley a **<u>partes iguales de la herencia</u>**. Art. 895 del Código Civil de Puerto Rico. En vista de lo anterior, y del consentimiento que ambos han prestado a la cesión en cuestión, **<u>no sirve propósito útil alguno requerir que haya una partición del inmueble referido antes de que se lleve a cabo la cesión en cuestión</u>**. Tal partición sólo resultaría en una determinación de que ambos herederos son condueños del inmueble en cuotas iguales, lo que ya es una realidad jurídica en vista de las normas que rigen la sucesión intestada. Por el contrario, insistir en la partición aludida, como lo hace la mayoría en su sentencia, es requerir una **<u>formalidad inconsecuente</u>**, puro conceptualismo, que sólo tiene el efecto de complicar el logro de la voluntad de los dos coherederos condueños, haciéndoles perder dinero, tiempo y esfuerzos en un trámite estéril.

Como para mí el derecho en casos como éste es un instrumento para facilitar la voluntad de las partes, y no una camisa de fuerza para crearle obstáculos innecesarios a éstas, disiento.


                              JAIME B. FUSTER BERLINGERI
                              JUEZ ASOCIADO