ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| HÉCTOR LUIS GARCÍA PIZARRO, MIGUEL ÁNGEL GARCÍA PIZARRO, RAFAEL GARCÍA PIZARRO, MARÍA MARGARITA GARCÍA PIZARRO, JUAN CINTRÓN LÓPEZ<br><br>APELADOS<br><br>v.<br><br>ISABEL GARCÍA PIZARRO<br><br>APELANTE | TA2025AP00692 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm. NG2024CV00062<br><br>Sobre: Liquidación y partición de comunidad de bienes |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de enero de 2026.

Comparece ante nos la señora Isabel García Pizarro (en adelante, apelante o señora García Pizarro) mediante un *Escrito de Apelación* en el que solicita que revisemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, TPI o foro primario), el 16 de octubre de 2025, y notificada el 17 de octubre de 2025. Mediante el referido dictamen el foro primario declaró Ha Lugar una Demanda de liquidación y partición de comunidad de bienes, se ordenó la liquidación de la participación correspondiente a la apelante mediante el pago de la cantidad de $34,667.00, y se le impusieron honorarios de abogado por temeridad.

Por los fundamentos que exponemos a continuación, *confirmamos* la *Sentencia* apelada.

**I.**

El 14 de mayo de 2024, los señores Héctor Luis García Pizarro, Miguel Ángel García Pizarro, Rafael García Pizarro, María Margarita García Pizarro y Juan Cintrón López (en adelante, los apelados) presentaron una *Demanda*[1] sobre liquidación y partición de comunidad de bienes contra la señora Isabel García Pizarro, alegando que las partes eran coherederos y copropietarios de un inmueble rústico ubicado en el Barrio Río Blanco de Naguabo, Puerto Rico, sobre el cual no existía un pacto de indivisión, y que los apelados habían realizado intentos extrajudiciales para liquidar la comunidad, pero que dichos intentos habían resultado infructuosos, toda vez que la apelante se negaba.

El 19 de agosto de 2024, la señora García Pizarro presentó su *Contestación a la Demanda*[2] y admitió la existencia de la comunidad hereditaria y la inexistencia de un pacto de indivisión, aunque objetó la forma en que la parte apelada proponía disponer del bien en comunidad, alegando que ello afectaba adversamente su participación.

Luego de varios trámites procesales, el 16 de septiembre de 2025 se celebró el juicio en su fondo.[3] En dicha vista, la parte apelada presentó prueba testifical y documental, incluyendo la certificación registral del inmueble y un informe de valoración realizado por el perito, José C. Méndez. Por su parte, la apelante presentó su testimonio y un plano sustituto de lotificación simple, el cual fue admitido en evidencia.

Como resultado, el 16 de octubre de 2025, el TPI dictó *Sentencia*[4], mediante la cual declaró Ha Lugar la demanda y realizó las siguientes determinaciones de hechos:

1. Que los demandantes de epígrafe conjuntamente con la demandada ISABEL GARCÍA PIZARRO, resultan ser los únicos dueños en comunidad hereditaria del inmueble que se describe a continuación:

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.
[2] Entrada Núm. 13 del SUMAC del TPI.
[3] Véase *Minuta* en la Entrada Núm. 63 del SUMAC del TPI.
[4] Entrada Núm. 64 del SUMAC del TPI.

"RUSTICA: Barrio Río Blanco de Naguabo, Puerto Rico Solar: Cabida: 126,468.48 metros cuadrados. Linderos: Norte, con Dolores Rivera. Sur, con terrenos de José Santiago y Julia García. Este, con terrenos de Antonio Rivera, Gabino Reyes, José María Busó y Silverio Pizarro. Oeste, con terrenos de Eulógia García y el Lote # 2 en el plano de inscripción." Finca # 546 de Naguabo, Registro Inmobiliario Digital de Puerto Rico, Sección I de Humacao; (hechos estipulados por las partes, Exhibit I de la prueba estipulada)

2. Que entre las partes en este pleito no existe pacto de indivisión en cuanto al bien inmueble arriba indicado; (hecho estipulado por las partes)

3. Que para el año 2019, la parte demandante le hizo una primera oferta a la parte demandada para liquidar y partir la comunidad de bienes habida sin excluirla del inmueble, la cual ésta no aceptó; además posteriormente los demandantes le han hecho ofertas adicionales para comprar su participación, las cuales tampoco ha aceptado; (hecho estipulado por las partes)

4. Que en justo valor en el mercado del inmueble objeto de la controversia asciende a $208,000.00 según surge del Informe de Valoración preparado por el Evaluador Profesional Autorizado José C. Méndez, Lic. #788 el 10 de octubre de 2024, según enmendado; (Exhibit II de la prueba estipulada)

5. Se estipuló el valor del inmueble en comunidad.

6. Que el valor bruto de la participación de la parte demandada Isabel García Pizarro en el inmueble objeto de la presente controversia asciende a $34,667.00. Se llegó a esa cantidad cuando se divide la valorización estipulada entre los seis (6) comuneros.

7. Que la parte demandante ofrece liquidarle a la parte demandada su participación en el inmueble objeto de la controversia mediante el pago de $34,667.00, o sea, el valor bruto, liberándola del pago de su responsabilidad proporcional en los gastos correspondientes a los aranceles y honorarios notariales de la escritura que se otorgue oportunamente.

A raíz de lo anterior, el foro primario ordenó la liquidación de la comunidad hereditaria mediante el pago a la apelante de $34,667.00, liberándola de su responsabilidad proporcional por gastos notariales, y le ordenó otorgar la correspondiente escritura de cesión. Asimismo, el TPI impuso honorarios de abogado por temeridad, tras concluir que la conducta desplegada por la señora García Pizarro hizo necesario y prolongó innecesariamente el litigio.

El 31 de octubre de 2025, la apelante presentó una *Moción de Reconsideración*[5], alegando, en síntesis, que el tribunal erró al imponer honorarios por temeridad sin identificar conducta específica y al no considerar la división en especie conforme al Artículo 854 del Código Civil de 2020, 31 LPRA sec. 8227. La parte apelada se opuso oportunamente, señalando que los planteamientos reiteraban argumentos ya atendidos por el foro primario y que el plano admitido en evidencia no probaba la viabilidad de realizar una partición física del predio.[6]

Luego de evaluar los planteamientos de ambas partes, mediante *Orden*[7] del 18 de noviembre de 2025, el TPI declaró No Ha Lugar la *Moción de Reconsideración.*

Inconforme, la apelante acudió ante este Tribunal mediante el recurso de epígrafe señalando los siguientes errores:

**PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL OMITIR CONSIDERAR LA DIVISIÓN EN ESPECIE CONFORME AL DERECHO SUSTANTIVO ESTABLECIDO EN EL ARTÍCULO 854 DEL CÓDIGO CIVIL DEL 2020, 31 LPRA SEC. 8227.**

**SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER HONORARIOS DE ABOGADO POR TEMERIDAD SIN IDENTIFICAR CONDUCTA ESPECÍFICA EN VIOLACIÓN A LA REGLA 44.1(D).**

El 18 de enero de 2026, la parte apelada presentó su *Escrito de Alegato en Oposición a la Apelación,* sosteniendo que la *Sentencia* apelada está plenamente apoyada en las estipulaciones de las partes, la prueba admitida y el derecho aplicable; que el Artículo 854 no establece una preferencia absoluta por la división en especie; que el plano presentado carecía de valor probatorio suficiente para imponer al tribunal una división física del predio; y que la determinación de temeridad se fundamentó adecuadamente en una conducta dilatoria prolongada que hizo necesario el litigio.

---

[5] Entrada Núm. 68 del SUMAC del TPI.
[6] Entrada Núm. 76 del SUMAC del TPI.
[7] Entrada Núm. 77 del SUMAC del TPI.

Con el beneficio de la comparecencia de las partes, el derecho y la jurisprudencia aplicable, procedemos a resolver.

**II.**

**A. Deferencia judicial**

Es norma conocida que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, "no se favorece la intervención de los tribunales apelativos en la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia". Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2; *Peña Rivera v. Pacheco Caraballo,* 213 DPR 1009, 1024 (2024); *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021).

En ese contexto, la llamada deferencia judicial está predicada en que los jueces del TPI "están en mejor posición para aquilatar la prueba testifical porque tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo". *Peña Rivera v. Pacheco Caraballo, supra,* pág. 1025, citando a *Ortiz Ortiz v. Medtronic, supra,* pág. 779. No obstante, si la apreciación de la prueba no representa el balance más racional, justiciero y jurídico de la totalidad de la prueba y cuando la evaluación se distancie de la realidad fáctica o esta es inherentemente imposible o increíble, los foros apelativos tenemos la responsabilidad ineludible de intervenir. *Santiago Ortiz v. Real Legacy et al.*, *supra*; *González Hernández v. González Hernández,* 181 DPR 746, 776–777 (2011); *Pueblo v. Santiago et al.*, 176 DPR 133, 148 (2009).

Por otro lado, cuando las conclusiones de hechos se fundamentan en prueba documental o pericial, es norma establecida que el tribunal revisor se encuentra en igual posición que el tribunal sentenciador para evaluarla. *Santiago Ortiz v. Real Legacy et al.*, *supra.* En consecuencia, "el Tribunal Apelativo tendrá la facultad para adoptar su propio criterio en la apreciación y evaluación de la prueba pericial, y hasta para descartarla, aunque resulte

técnicamente correcta". *González Hernández v. González Hernández, supra,* pág. 777.

### B. Partición de la comunidad hereditaria

El Artículo 835 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 8191, dispone que existe una comunidad de bienes cuando una cosa o un derecho pertenecen en común proindiviso a dos o más personas. Las cuotas de los comuneros se presumen iguales y sus derechos y obligaciones son proporcionales a sus respectivas cuotas en la comunidad. Arts. 837-838 del Código Civil, 31 LPRA secs. 8193-8194.

Por su parte, el Artículo 1599 del Código Civil, 31 LPRA sec. 11071, establece que existe una comunidad hereditaria cuando concurre a la sucesión una pluralidad de personas con derechos en la herencia expresados en cuotas abstractas. Véase, además, *Vega Montoya v. Registrador*, 179 DPR 80, 87 (2010); *Soc. de Gananciales v. Registrador*, 151 DPR 315, 317 (2000); *Cintrón Vélez v. Cintrón De Jesús*, 120 DPR 39, 48 (1987). La comunidad hereditaria posee diversas características, entre ellas, que es forzosa, incidental, universal y transitoria. *Vega Montoya v. Registrador, supra*, pág. 88.

Respecto a esta última característica, que es transitoria, nuestro ordenamiento jurídico establece que la comunidad hereditaria puede estar sujeta a la indivisión, la cual, a su vez, puede establecerse por voluntad del testador, por pacto entre los herederos o por disposición de ley. Art. 1606 del Código Civil, 31 LPRA sec. 11078. Ahora bien, ningún coheredero está obligado a permanecer en ella indefinidamente ni a estar sometido en la indivisión por un plazo largo. *Vega Montoya v. Registrador, supra.*

La comunidad hereditaria se extingue, entre otras formas, por la partición de la herencia. Art. 1610 del Código Civil, 31 LPRA sec. 11082. En consecuencia, los herederos comuneros no podrán reclamar derechos sobre bienes específicos del caudal hereditario hasta que se haya llevado a cabo la

partición de herencia, sino que solamente pueden exigir sus derechos sobre la totalidad del caudal relicto. *Soc. de Gananciales v. Registrador*, *supra*, pág. 320.

La partición de la herencia comprende distintas etapas, siendo estas: el inventario, el avalúo, el pago de las deudas, la división y finalmente la adjudicación de los bienes. Art. 1774 del Código Civil, 31 LPRA sec. 11641. Aunque la partición puede hacerse por la vía testamentaria, convencional o judicial. Art. 1776 del Código Civil, 31 LPRA sec. 116413. La partición convencional se da cuando todos los titulares se ponen de acuerdo para realizarla. En los casos en que no exista un acuerdo unánime entre los coherederos, cualquiera de ellos puede instar una acción judicial para realizar la partición por esta vía. Arts. 1779 y 1780 del Código Civil, 31 LPRA secs. 11646-11647.

De otra parte, cabe destacar que nuestro Código Civil reconoce como medidas supletorias a las disposiciones sobre la comunidad hereditaria las disposiciones relacionadas con la administración de la herencia y con las de la comunidad de bienes. Art. 1601 del Código Civil, 31 LPRA sec. 11073. En lo pertinente, la comunidad de bienes se extingue, entre otras formas, por la división de la cosa común. Art. 848 del Código Civil, 31 LPRA sec. 8221. La división, análoga a la partición, "es el acto jurídico mediante el cual los derechos de los comuneros en la comunidad se sustituyen por un derecho exclusivo de cada uno sobre una parte determinada del bien que era común, correspondiente al valor de sus respectivas cuotas." Art. 849 del Código Civil, 31 LPRA sec. 8222.

En la comunidad de bienes el comunero tampoco está obligado a permanecer en la comunidad y tiene derecho a pedir en cualquier momento que se divida la cosa común, salvo que: (a) exista pacto o disposición testamentaria o donataria de conservar la cosa indivisa por tiempo determinado; (b) esté sometida a una indivisión forzosa; (c) tratándose de un

inmueble, su fraccionamiento contravenga las normas de urbanismo; (d) de hacerse, resulte inservible para el uso al que se destina; o (e) lo impida el Código Civil o la ley. Art. 850 del Código Civil, 31 LPRA sec. 8223.

A esos efectos, el Artículo 854 del Código Civil, 31 LPRA sec. 8227, establece que:

> Si algún comunero objeta la continuación de la indivisión, los restantes comuneros pueden satisfacerlo entregándole su cuota en especie, siempre que sea fácilmente separable del resto de la cosa indivisa, o en dinero, como él prefiera.
>
> Si se satisface la cuota en especie, debe hacerse de la manera menos perjudicial para el ejercicio de los derechos de los comuneros. Si se satisface en dinero, la cuota de cada comunero aumenta en proporción con su pago.
>
> Si no se llega a un acuerdo sobre la especie o el dinero, un perito o una persona designada por todos los comuneros puede realizar la valoración. Si los comuneros no logran un acuerdo sobre este particular, el tribunal debe decidir.

A tenor con lo anterior, y ante la falta de acuerdo entre los comuneros, corresponde al tribunal determinar el remedio adecuado para poner fin a la indivisión de la comunidad.

### C. Honorarios por temeridad

La Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, dispone que: "[e]n caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda corresponda a tal conducta". La imposición de honorarios de abogados constituye una penalidad económica dirigida a la parte que ha litigado de manera temeraria o frívola durante el proceso. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis de Puerto Rico, Inc., 2017, pág. 436. Asimismo, el Tribunal Supremo ha expresado que la temeridad se refiere a "cuando un litigante perdidoso por su terquedad, testarudez, obstinación, contumacia, empecinamiento, impertinencia e insistencia en una actitud desprovista de fundamentos obliga a la otra parte

a asumir innecesariamente las molestias, los gastos e inconvenientes de un pleito". *Asoc. Salud Primaria y otros v. ELA*, 2025 TSPR 75, 216 DPR ___ (2025). En armonía con lo anterior, constituye conducta temeraria el que una parte haga necesario un pleito que pudo evitarse o interponga pleitos frívolos y así obligue a la otra parte a incurrir en gastos innecesarios". *PR Oil v. Dayco*, 164 DPR 486, 511 (2005).

La decisión de si una parte es o no es temeraria descansa en la sana discreción del tribunal. *Santiago v. Sup. Grande*, 166 DPR 796, 820-821 (2006). Por consiguiente, los foros apelativos intervendrán solamente cuando haya un claro abuso de discreción por parte del foro primario. *Id.*, pág. 821.

**III.**

La apelante sostiene, en esencia, que el foro primario erró al (1) no considerar la división en especie conforme al Artículo 854 del Código Civil de 2020, *supra*, y (2) al imponer honorarios de abogado por temeridad sin identificar conducta específica. Examinados ambos planteamientos concluimos que no le asiste la razón.

En cuanto al primer error, el récord refleja que el TPI no ignoró ni dejó de considerar la alternativa de una división en especie. Por el contrario, surge claramente que el foro primario tuvo ante su consideración la prueba presentada por la apelante relacionada con un plano sustituto de lotificación simple que fue admitido en evidencia durante el juicio en su fondo.

No obstante, conforme a las determinaciones de hecho formuladas por el propio foro primario, quedó acreditado que: (1) no existía pacto de indivisión entre los comuneros; (2) desde el año 2019 la parte apelada había realizado múltiples ofrecimientos para liquidar la comunidad, los cuales fueron rechazados por la apelante; (3) el justo valor del inmueble ascendía a $208,000.00; y (4) la participación proporcional de la apelante equivalía a $34,667.00.

A la luz de esos hechos, y ante la falta de acuerdo entre los comuneros, el foro primario ejerció la facultad que le confiere el Artículo 854 del Código Civil de 2020, *supra*, el cual expresamente dispone que, cuando no se logra consenso sobre la satisfacción de la cuota en especie o en dinero, "el tribunal debe decidir". Dicha disposición no impone una preferencia absoluta por la división en especie, sino que reconoce la discreción judicial para determinar el remedio adecuado conforme a las circunstancias del caso.

Aquí, el foro primario optó por ordenar la liquidación de la participación de la apelante mediante compensación económica, por el valor bruto de su cuota, conforme a la valoración pericial estipulada por las partes. La apelante no ha señalado ni demostrado que esa determinación sea incompatible con los hechos probados ni que el foro primario haya ignorado prueba relevante o incurrido en error manifiesto al evaluar los documentos que tenía para su consideración.

En ausencia de tal demostración, y considerando que la determinación impugnada se basa en hechos estipulados y prueba admitida, no procede la intervención de este Tribunal apelativo, conforme a los principios de deferencia judicial antes expuestos.

En cuanto al segundo señalamiento de error, del récord surge que el TPI fundamentó la imposición de honorarios por temeridad en la conducta desplegada por la apelante a lo largo del trámite del caso.

Como señalamos anteriormente, según las determinaciones de hecho, la apelante rechazó desde el año 2019 los ofrecimientos dirigidos a liquidar la comunidad hereditaria, aun cuando admitía la inexistencia de un pacto de indivisión y la procedencia de la liquidación. Dicha conducta obligó a los apelados a instar la acción judicial y a sostener un litigio que, conforme concluyó el foro primario, pudo evitarse.

En este caso, la apelante no ha demostrado que el foro primario actuara arbitrariamente al imponer honorarios por la suma de $2,000.00. Por el

contrario, la determinación está directamente apoyada en los hechos probados y en el curso procesal del caso.

A la luz del récord y del derecho aplicable, concluimos que el TPI actuó conforme a derecho y dentro de los márgenes de su discreción judicial, tanto al ordenar la liquidación de la comunidad hereditaria mediante compensación económica como al imponer honorarios de abogado por temeridad. En consecuencia, se confirma la *Sentencia* apelada.

**IV.**

Por los fundamentos que anteceden, se confirma la *Sentencia* apelada. Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones