

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rosalinda Vega Montoya<br><br>    Peticionaria<br><br>       v.<br><br>Hon. José Uriel Zayas Bonilla<br>Registrador de la Propiedad<br><br>    Recurridos | 2010 TSPR 76<br><br>179 DPR \_\_\_\_ |

Número del Caso: RG-2009-1

Fecha: 19 de mayo de 2010

Abogado de la parte peticionaria:

      Lcdo. Noel Yamil Pacheco Alvarez

Parte Recurrida:

      Hon. José Uriel Zayas Bonilla
      Registrador de la Propiedad

Materia: Recurso Gubernativo

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correccione s del proceso de compilación y publicación oficial de las decisio nes del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad. ?

?

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosalinda Vega Montoya

    Peticionaria

       v.

Hon. José Uriel Zayas Bonilla –
Registrador de la Propiedad

    Recurridos

Recurso
Gubernativo

RG-2009-0001

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 19 de mayo de 2010.

Comparece ante nos Rosalinda Vega Montoya, en adelante, la peticionaria, por medio del presente recurso gubernativo en el que solicita la revisión de la Recalificación hecha por el Registrador de la Propiedad de Ponce denegando la inscripción de una Escritura de Cesión de Derechos y Acciones Hereditarias.[1]

El recurso presentado por la peticionaria nos permite resolver si procede la inscripción de la enajenación hecha por un heredero de una cuota

_____

[1] El Registrador que denegó la inscripción de la referida Escritura lo fue el Hon. José Uriel Zayas Bonilla el cual se desempeñaba como Registrador de la Propiedad de Ponce para aquel momento. Posteriormente, éste fue sustituido por el Hon. Francisco J. Rodríguez Juarbe el cual actualmente ocupa dicho cargo.

específica sobre un inmueble perteneciente a la comunidad hereditaria si dicha propiedad es el único bien que forma parte de la herencia. *A priori*, resolvemos en la negativa.

Veamos los hechos que dieron génesis a la controversia de autos.

## I.

El 20 de noviembre de 2008 la peticionaria otorgó ante el Notario Noel Yamil Pacheco Álvarez una Escritura de "Cesión de Derechos y Acciones Hereditarias". En la Escritura otorgada, también compareció su hijo, José Ángel Torres Vega, en adelante, el cedente, a enajenar su participación sobre un inmueble. La mencionada Escritura fue en relación a una parcela de terreno con una cabida superficial de quinientos ochenta y cinco punto noventa y cuatro (585.94) metros cuadrados, sita en la comunidad rural de Palomas I ubicada en el Municipio de Yauco. La propiedad inmueble se encuentra inscrita en el Registro de la Propiedad, Sección II de Ponce, al Folio 136 del Tomo 325, Finca 11,443. Al momento del otorgamiento de la Escritura, la propiedad inmueble, conforme la tercera y última inscripción, estaba gravada con una hipoteca.

La peticionaria, quien es residente de los Estados Unidos, es dueña del cincuenta por ciento (50%) de la propiedad inmueble al haberla adquirido, mediante compraventa, estando en ese momento casada con José Ángel Torres Rodríguez. Este último falleció intestado el 11 de marzo de 2001. Ante lo anterior, el 5 de septiembre de

2005, el Tribunal de Primera Instancia dictó Resolución sobre Declaratoria de Herederos, *Abintestato* José Ángel Torres Rodríguez, Caso Civil Núm. J4CI-2001-0424. Se decretó como únicos y universales herederos a los tres (3) hijos del causante y la peticionaria, a saber, Jose Ángel Torres Vega, Charynette Torres Vega y Giovanni Torres Cotto así como a Rosalinda Vega Montoya, en la cuota usufructuaria.

Así las cosas, el 26 de noviembre de 2008, la peticionaria presentó una Instancia Registral, acompañada de la Declaratoria de Herederos, Certificación de Cancelación de Gravamen expedida por el Departamento de Hacienda y la Certificación Negativa de la Administración para el Sustento de Menores, correspondiente al causante. La Instancia Registral se presentó al Asiento 1092 del Diario 332 del Registro de la Propiedad. A su vez, se presentaron al Asiento 1093 del Diario 332, la Escritura sobre Cancelación de Hipoteca y al Asiento 1094 la Escritura en controversia, a saber, la Escritura de Cesión de Derechos y Acciones Hereditarias.

Evaluados los documentos presentados, el Registrador de la Propiedad procedió a inscribir la Escritura sobre Cancelación de Hipoteca y la Instancia Registral al Tomo 536, Folio 157, como las Inscripciones Cuarta y Quinta, respectivamente.

No obstante, en cuanto a la Escritura de Cesión de Derechos y Acciones Hereditarias, se denegó su

inscripción. Apuntó el Registrador de la Propiedad, citando el Artículo 95 de la Ley Hipotecaria, *infra*, que no procedía la venta o gravamen de cuotas específicas en una finca que no se hubiera adjudicado antes mediante la correspondiente partición. A su vez, apuntó que la finca aparecía inscrita a favor de Charynette Torres Vega y Giovanni Torres Cotto, menor de edad, que no habían consentido a la venta.[2]

Inconforme con la determinación del Registrador, la peticionaria presentó un Escrito de Recalificación el 12 de diciembre de 2008 ante el Registro de la Propiedad de Ponce. En su escrito, la peticionaria alegó que la cesión hecha por medio de la Escritura en controversia era la enajenación de una cuota abstracta y no una cuota específica ya que, alegadamente, el patrimonio del causante estaba compuesto de un solo bien. Por lo tanto, fue su contención que procedía la inscripción del documento conforme a derecho.

Además, señaló que los otros coherederos no tenían que prestar su consentimiento a la cesión ya que sus

---

[2] Durante el trámite del caso ante este Foro se instó una moción informando que Charynette Torres Vega y Giovanni Torres Cotto (quien advino a la mayoridad por emancipación, conforme la Escritura Núm. 49 de 18 de septiembre de 2007, otorgada ante el Notario Iván D. Gil Sánchez) otorgaron la Escritura Núm. 14 sobre Ratificación de Cesión y Partición de Herencia la cual fue presentada el 29 de abril de 2009 ante el Registro de la Propiedad, Sección II de Ponce. Al día siguiente de su presentación, el Registrador de Ponce notificó que la Escritura Núm. 14 adolecía de la siguiente falta: "La finca que se describe en la escritura de epígrafe pertenece en pro indiviso a varios titulares, de los cuales no compareció al otorgamiento, el titular don José Ángel Torres Vega, a consentir en la transacción". Debido a que dicha Escritura no es objeto del presente recurso gubernativo, no entraremos a dilucidar la validez de la calificación hecha por el Registrador de Ponce en cuanto a ésta.

derechos no se verían afectados, ni la comunidad hereditaria dejaría de existir.

Posteriormente, el 16 de diciembre de 2008, el Registrador de la Propiedad notificó la denegación de la inscripción y consignó la anotación preventiva de rigor por el término de sesenta (60) días. Dicho funcionario mantuvo su calificación original por el fundamento de que la venta contenida en la Escritura de Cesión de Derechos y Acciones Hereditarias es "la enajenación de una cuota específica sobre un bien específico y no la enajenación de una cuota abstracta".

Inconforme aún, el 7 de enero de 2009, la peticionaria presentó ante este Tribunal el presente recurso gubernativo solicitando que se revoque la recalificación hecha por el Registrador de la Propiedad y que se ordene la inscripción de la Escritura en controversia. Alega que el caudal que transmitió José Ángel Torres Rodríguez a sus herederos, se compone de un solo inmueble sin haber más bienes muebles ni inmuebles. Por lo tanto, sostiene que la participación en el inmueble es equivalente a la participación en abstracto sobre el caudal del causante ya que éste se sitúa sobre un único bien. En este caso, arguye que al cedente dar en venta toda su participación sobre el inmueble, no está enajenando una cuota específica sobre un bien, sino que da en venta la totalidad de su cuota o participación abstracta en la herencia.

*A contrario sensu*, el Registrador de la Propiedad de Ponce alegó que solamente se cedió una cuota sobre un bien específico de la herencia lo cual está vedado por nuestro ordenamiento jurídico. Fue su contención que la cesión o traspaso de la participación hecha por un heredero comunero, en este caso el cedente, sobre un bien específico del caudal relicto antes de efectuada la partición, no era inscribible independientemente de que la herencia estuviera compuesta por uno o por varios bienes.

Examinado el recurso y la posición de ambas partes, procedemos a resolver.

**II.**

Cuando existen dos o más llamamientos a la universalidad de la herencia se constituye lo que se conoce como una comunidad hereditaria. *Soc. de Gananciales v. Registrador*, 151 D.P.R. 315, 317 (2000); *Cintrón Vélez v. Cintrón De Jesús*, 120 D.P.R. 39, 48 (1987). La comunidad hereditaria comprende todas las relaciones jurídicas patrimoniales del difunto excepto aquellas que, por su naturaleza o contenido, se extinguen con la muerte del causante. *Íd.*

El Código Civil de Puerto Rico no contiene disposiciones específicas que regulen la comunidad hereditaria.[3] *Íd.* pág. 49; *Soc. de Gananciales v. Registrador*, *supra*, pág. 318; Debido a la ausencia de

_____

[3] El Código Civil solo contempla la comunidad hereditaria en su fase de terminación por la partición. *Cintrón Vélez v. Cintrón De Jesús*, 120 D.P.R. 39, 49 (1987).

normas reglamentarias detalladas, hemos resuelto que la comunidad hereditaria se regirá por el siguiente orden de prelación de fuentes legales: (i) las disposiciones imperativas del Código Civil; (ii) la voluntad del causante; (iii) las disposiciones que le sean aplicables sobre división de la herencia; y (iv) las disposiciones generales sobre comunidad de bienes que fueren compatibles con el carácter universal de este tipo de comunidad. *Kogan v. Registrador*, 125 D.P.R. 636, 651 (1990); *Cintrón Vélez v. Cintrón De Jesús*, *supra*, pág. 49.

La comunidad hereditaria posee diversas características. En primer lugar, dicha comunidad es forzosa. *Kogan v. Registrador*, *supra*, pág. 651. La comunidad hereditaria surge con independencia absoluta de la voluntad de los interesados siempre que más de un heredero sea llamado a una sucesión. J. Castán Tobeñas, *Derecho Civil Español, Común y Foral*, 9na ed., Madrid, Ed. Reus, 1989, T. VI, Vol. 1, pág. 312.

Segundo, la comunidad hereditaria es incidental. J. Santos Briz y otros, *Tratado de Derecho Civil: Teoría y Práctica. Derecho de Sucesiones*, Barcelona, Ed. BOSCH, 2003, T. VI, pág. 72. Ésta se constituye, no por medio de un convenio, sino por el hecho de la muerte de un causante común a los coherederos. *Íd*.

Como tercera característica, la comunidad hereditaria es transitoria. *Kogan v. Registrador*, *supra*, pág. 651. Por un lado, ningún coheredero está obligado a permanecer en

ella indefinidamente ni a estar sometido en la indivisión por un plazo largo. *Véase* Arts. 1005, 1006 y 1865 del Código Civil de Puerto Rico, 31 L.P.R.A. secs. 2871, 2872 y 5295; J. Cuevas Segarra y otros, *Derecho Sucesorio Comparado: Puerto Rico y España*, San Juan, Publicaciones JTS, 2003, pág. 134. Por otro lado, ésta culmina con la división o partición de herencia. *Cintrón Vélez v. Cintrón De Jesús, supra*, pág. 48. La comunidad hereditaria dejará de existir tan pronto se liquide el patrimonio del causante y se adjudiquen a los herederos los bienes que les corresponden de la herencia, confiriéndoles así la propiedad exclusiva sobre éstos. *Cintrón Vélez v. Cintrón De Jesús, supra*, págs. 48-49.

Por último, la comunidad hereditaria es universal. *Kogan v. Registrador, supra*, pág. 651. Ésta recae sobre la totalidad del patrimonio que constituye el caudal hereditario y no sobre cada bien, derecho u obligación que la compone. *Íd; Soc. de Gananciales v. Registrador*, 151 *supra*, pág. 319.

En relación a esta última característica, se ha establecido que durante la vigencia de la comunidad hereditaria, los herederos van a ser titulares de una cuota en abstracto sobre todos los bienes que formen parte del caudal relicto; pero no van a ser titulares de los bienes particulares que componen la herencia. *Íd; Kogan v. Registrador, supra*, pág. 652.

Los herederos comuneros no podrán reclamar derechos sobre bienes específicos del caudal hereditario hasta que se haya llevado a cabo la partición de herencia. *Soc. de Gananciales v. Registrador*, *supra*, pág. 320. A través de este procedimiento, se extinguirá la comunidad hereditaria, transformándose así las cuotas abstractas que poseen los herederos sobre el caudal relicto, en titularidades concretas sobre bienes determinados. *Arrieta v. Chinea Vda. de Arrieta*, 139 D.P.R. 525, 534 (1995). En otras palabras, es el proceso mediante el cual los coherederos transformarán la cotitularidad que poseen sobre la totalidad de la herencia en títulos exclusivos sobre bienes particulares. *Íd.*[4]

Por lo tanto, mientras no se lleve a cabo la partición, ningún coheredero puede reclamar un derecho específico sobre un bien en particular, sino que solamente podrá exigir sus derechos sobre la totalidad del caudal relicto. *Soc. de Gananciales v. Registrador*, *supra*, pág. 320; *Kogan* v. *Registrador*, *supra*, pag. 652; *Cintrón Vélez v. Cintrón De Jesús*, *supra*, pág. 48.

El derecho que posee cada heredero comunero sobre el complejo hereditario se adquiere una vez éste ha aceptado la herencia. *Soc. de Gananciales v. Registrador*, *supra*, pág. 320. Con la aceptación a su llamamiento a suceder al causante, el heredero adquiere un derecho independiente en

---

[4] Véase el Art. 1021 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2091, el cual dispone que: "[l]a partición legalmente hecha confiere a cada heredero la propiedad exclusiva de los bienes que le hayan sido adjudicados".

el caudal hereditario. *Íd*; *Kogan v. Registrador*, *supra*, pág. 652. Ello significa que la cuota que le corresponda en relación a la herencia va a formar parte de su patrimonio de manera exclusiva pudiendo disponer de ésta libremente. *Íd*. Es por ello que se permite que cada uno de los herederos pueda enajenar su participación abstracta en la herencia aun cuando no se haya realizado la partición y no se haya extinguido la comunidad hereditaria. *Íd*.

Sin embargo, aunque un heredero puede enajenar sus derechos y acciones sobre su participación abstracta en el caudal, esto no implica que él pueda enajenar o gravar alguna cuota específica sobre un bien de la herencia. *Soc. de Gananciales v. Registrador*, *supra*, pág. 320. La razón de ser de esta norma es que, además de que el heredero no tiene un derecho sobre un bien particular del caudal relicto, es posible que a éste no le corresponda nada sobre dicho bien. *Íd*.

Por otra parte, nuestro ordenamiento sí permite que los miembros de la comunidad hereditaria puedan vender o gravar un bien específico de la herencia antes de que se efectúe la partición, siempre y cuando, exista el consentimiento unánime de todos los coherederos. *Kogan v. Registrador*, *supra*, págs. 652-653. Los herederos en conjunto pueden realizar actos de disposición sobre lo bienes particulares de la herencia, pero ninguno de ellos puede disponer aisladamente de la totalidad o de parte de cualquier bien específico, porque no tienen un verdadero

título de dominio sobre bienes concretos y determinados hasta que se lleve a cabo la partición de la herencia. *Íd*. pág. 654.

De otra parte, el derecho que poseen los herederos sobre el complejo hereditario puede ser inscribible en el Registro de la Propiedad. De acuerdo con el Art. 95 de la Ley Núm. 198 de 8 de agosto de 1979, según enmendada, conocida como Ley Hipotecaria y del Registro de la Propiedad de 1979, 30 L.P.R.A. sec. 2316, el derecho hereditario se podrá inscribir a favor de todos los que hayan sido declarados herederos sobre todos aquellos bienes que hayan sido adquiridos por herencia si no se ha efectuado la partición correspondiente. La inscripción de este derecho podrá ser solicitado por cualquiera de los interesados, y se expresará en el asiento la parte que corresponda a cada uno de los herederos y el derecho a la cuota usufructuaria del cónyuge supérstite, si lo hubiera. *Íd*.

Aunque el derecho hereditario sobre la totalidad del patrimonio que transmite el causante puede ser inscribible en el Registro de la Propiedad, existen varias limitaciones en cuanto a la inscripción de derechos sobre bienes particulares de la comunidad hereditaria.

Una de las limitaciones es que solamente se podrán inscribir adjudicaciones concretas de bienes o derechos: (i) si se determina, mediante escritura pública o por resolución judicial firme, los bienes o partes indivisas

que le corresponda a cada heredero; o (ii) si todos los herederos han prestado su consentimiento a la enajenación por medio de escritura pública. *Íd.*

Otra de las restricciones a la inscripción de derechos sobre bienes particulares del caudal relicto es que, si aun no se ha efectuado la correspondiente partición, no es posible inscribir enajenaciones o gravámenes de cuotas específicas sobre bienes inmuebles pertenecientes a la comunidad hereditaria. *Íd.*

En relación a esta última prohibición, la razón por la cual en Puerto Rico no se permite tal inscripción es "la defensa de posteriores adquirentes contra condiciones no expresas, pues es sabido que dichas enajenaciones quedan sujetas a futuras particiones entre los herederos". 33 *Diario de Sesiones de la Asamblea Legislativa* 1122, 1122-1123 (1979).

La prohibición sobre la inscripción de enajenaciones o gravámenes de cuotas específicas sobre bienes inmuebles pertenecientes a una comunidad hereditaria está "inspirada en la legislación española, muy acorde con el Código Civil en cuanto a la naturaleza del derecho hereditario". *Íd.* pág. 1122.

En España, a partir de la reforma hipotecaria del 1944, el derecho hereditario solamente tiene acceso al Registro de la Propiedad a través de una anotación preventiva. *Herederos de Collazo v. Registrador*, res. el 13 de diciembre de 2007, 172 D.P.R.____ (2007), 2007

T.S.P.R. 223, 2008 J.T.S. 15. Con anterioridad a la reforma, en la jurisdicción española se permitía la inscripción del derecho hereditario; pero ello se eliminó ya que dicha inscripción daba la impresión de que lo que estaba inscrito era una cuota indivisa sobre cada finca o derecho que formaba parte del caudal relicto y no una cuota global y abstracta sobre el patrimonio hereditario. *Íd.*

A diferencia de España, y según hemos señalado, en Puerto Rico se permite la inscripción del derecho hereditario. *Kogan v. Registrador*, *supra*, pág. 653. Sin embargo, esto no implica que se repudien los principios discutidos sobre este derecho. *Íd.* Del propio examen legislativo del Art. 95 de la Ley Núm. 198, *supra*, surge que la prohibición sobre la inscripción de cuotas específicas no adjudicadas se incluyó "expresamente, para que no haya dudas, que [dichas enajenaciones], no serán inscribibles". *Diario de Sesiones*, *supra*, pág. 1122.

En nuestro ordenamiento también se ha dispuesto que no procede la inscripción de enajenaciones de cuotas sobre un bien particular de la herencia aun cuando se pueda establecer con facilidad la parte que le corresponde a cada heredero. *Osorio v. Registrador*, 113 D.P.R. 36, 37-38 (1982). Al respecto hemos señalado que:

> ... mientras persista el estado de indivisión en la comunidad hereditaria, aun cuando sea fácilmente determinable la cuota individual,... el dominio de cada heredero estará difuso o diluido por toda [la parte del bien que transmite el causante] en espera de que el

efecto distributivo de la partición concreta y precise lo que a cada cual corresponde. *Íd.*

A la luz de la normativa expuesta, no procede la inscripción de la enajenación de una cuota sobre un bien particular de la herencia aun cuando el caudal se componga de un solo bien.

Por un lado, el Art. 95 de la Ley Núm. 198, *supra*, establece de manera meridiana que "[n]o se inscribirán enajenaciones o gravámenes de cuotas específicas en una finca que no se haya adjudicado antes de la correspondiente partición". Según se puede apreciar del lenguaje de esta disposición, no se establece distinción alguna entre un caudal relicto compuesto de un bien y un caudal hereditario integrado por varios bienes. Por lo tanto, dicha restricción es igualmente aplicable a ambos casos y debe acatarse independientemente de la cantidad de bienes que puedan formar parte de la herencia.

Por otro lado, aunque la cuota que le pertenezca a cada uno de los herederos sobre el único bien del caudal relicto sea determinable fácilmente, tampoco procede la inscripción de la enajenación de una cuota sobre tal propiedad. Aunque su participación sobre el bien se pueda determinar fácilmente, mientras permanezca vigente la comunidad hereditaria, no existirá certeza sobre la porción exacta de la propiedad que se le adjudicará a cada heredero para satisfacer su cuota. Su participación en el caudal se mantendrá difusa en la porción que transmite el causante hasta que se efectúe la correspondiente partición

y se adjudique concretamente lo que a cada uno le corresponda. Por lo tanto, el no permitir la inscripción de la enajenación de una cuota sobre un bien específico antes de efectuada la partición, protegería a terceros adquirientes contra condiciones no expresas en las constancias del Registro de la Propiedad. De lo contrario, desconocerían la parte exacta del bien que recibirían y de la cual serían titulares.

**III.**

Discutida la normativa sobre la inscripción del derecho hereditario, procedemos a aplicarla a los hechos del caso de autos.

En primer lugar, de acuerdo con el lenguaje de la Escritura de Cesión de Derechos y Acciones Hereditarias surge que la intención de los otorgantes era que se transmitiera a la peticionaria los derechos que el cedente tenía sobre el inmueble antes descrito. Según consta de la Sexta Cláusula de la referida Escritura:

> El cedente tienen [sic] convenida la Cesión de los Derechos y Acciones Hereditarias que es dueño de la propiedad antes descrita… por lo que CEDE Y TRASPASA los mismos a favor de la CESIONARIA Rosalinda Vega Montoya quien ACEPTA **la Cesión de Derechos en el inmueble antes descrito** con todo lo que es anexo, sin reserva, ni limitación de clase alguna, todo ello, conforme a lo resuelto en Kogan v. Registrador, Tomo Ciento Veinticinco, Decisiones de Puerto Rico, página seiscientos treinta seis (636) del año mil novecientos noventa (1990). (Énfasis en el original suprimido y énfasis suplido.)

Al analizar esta disposición, se desprende que el cedente no está enajenando su participación abstracta

sobre la totalidad del caudal hereditario, sino que está cediendo sus derechos sobre un bien específico perteneciente a la comunidad hereditaria.

Debemos tener presente que mientras no se lleve a cabo la partición, tanto el cedente como los demás herederos que componen la sucesión Torres Rodríguez, solamente tendrán un derecho abstracto sobre la totalidad del caudal. Ninguno de ellos tiene un derecho específico sobre cualquiera de los bienes que formen o que puedan formar parte de la comunidad hereditaria; incluyendo el inmueble objeto de la Cesión de Derechos. Por lo tanto, ni el cedente ni los demás coherederos pueden enajenar aisladamente una cuota específica sobre el bien inmueble ni solicitar la inscripción de dicha adjudicación en el Registro de la Propiedad hasta que se efectúe la correspondiente partición.

En segundo lugar, tampoco procede la inscripción de la enajenación hecha por el cedente aun cuando el inmueble antes descrito se trate del único bien que forme parte de la herencia. Aunque sea cierta la alegación de la peticionaria de que el caudal está compuesto de un solo bien y aunque se pueda determinar fácilmente la participación que le corresponde al cedente y a los demás herederos sobre el referido inmueble, mientras se mantenga vigente la comunidad hereditaria, los herederos desconocerán la porción exacta del inmueble que se le adjudicará para satisfacer sus respectivas cuotas. El

dominio de éstos estará difuso por la mitad del bien que transmite el causante, José Ángel Torres Rodríguez, hasta que se realice la partición y se determine en concreto lo que le corresponde a cada uno.

En conclusión, la actuación del cedente enajenando su cuota sobre el inmueble antes descrito no está permitida en nuestro ordenamiento y no puede ser inscribible en el Registro de la Propiedad.

## IV.

A tenor con los fundamentos expuestos, procedemos a confirmar la determinación del Registrador de la Propiedad de Ponce denegando la inscripción de los derechos contenidos en la Escritura Núm. 32 intitulada "Cesión de Derechos y Acciones Hereditarias" la cual fue otorgada el 20 de noviembre de 2008 en la ciudad de Yauco ante el notario Noel Yamil Pacheco Álvarez.

Se dictará sentencia de conformidad.


MILDRED G. PABÓN CHARNECO
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rosalinda Vega Montoya

     Peticionaria

        v.

Hon. José Uriel Zayas Bonilla –
Registrador de la Propiedad

     Recurridos

Recurso
Gubernativo

RG-2009-0001

SENTENCIA

En San Juan, Puerto Rico, a 19 de mayo de 2010.

A tenor con los fundamentos expuestos, procedemos a confirmar la determinación del Registrador de la Propiedad de Ponce denegando la inscripción de los derechos contenidos en la Escritura Núm. 32 intitulada "Cesión de Derechos y Acciones Hereditarias" la cual fue otorgada el 20 de noviembre de 2008 en la ciudad de Yauco ante el notario Noel Yamil Pacheco Álvarez.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo