per curiam:
Los notarios tienen el deber ineludible de respetar la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987 (4 LPRA see. 2001 et seq). La función notarial debe ser ejercida con sumo esmero, cuidado y celo profesional. El notario da fe y autentica actos, conforme a las leyes correspondientes. 4 LPRA see. 2002. Faltar a es-tas exigencias constituye un quebrantamiento a los postu-lados éticos de la profesión notarial que merece una sanción.
I
El Ledo. Ferdinand Vargas Velázquez (licenciado Vargas Velázquez) fue admitido al ejercicio de la abogacía el 1 de noviembre de 1978 y al de la notaría el 28 de diciembre de 1978.
El 26 de septiembre de 2002 el licenciado Vargas Veláz-quez autenticó las firmas del Sr. Lázaro Santiago Vega (se-ñor Santiago Vega o quejoso) y de la Sra. Haydee Agosto Casillas (señora Agosto Casillas o compradora) en un con-trato de compraventa de un bien inmueble por $33,000, de los cuales se recibió $1,000 en efectivo al momento de la firma del documento. El contrato de compraventa estaba sujeto a que el señor Santiago Vega gestionara los documentos sucesorales necesarios para que la compradora poseyera el bien inmueble con pleno dominio.(1) De no darse la condición pautada, las partes devolverían sus respecti-vas prestaciones y el señor Santiago Vega resarciría a la *733 compradora cualquier mejora que ésta realizara a la propiedad.
Transcurridos nueve años desde la autenticación de las firmas del contrato de compraventa, el señor Santiago Vega presentó una queja contra el letrado. Adujo que el licenciado Vargas Velázquez no lo orientó al momento de otorgar el contrato de compraventa. Precisó que indicó al notario que había adquirido la propiedad aunque no era titular, ya que esta pertenecía a una sucesión de la cual una de las herederas le había cedido su participación. Sos-tuvo que el licenciado Vargas Velázquez no lo asesoró co-rrectamente y alegó que esto le produjo daños al negocio, ya que no pudo completar la compraventa del bien inmue-ble ni arrendarlo.
Por su parte, el abogado querellado admitió que fungió como notario para reconocer las firmas del referido contrato. Expresó que examinó un documento de convenio sobre reconocimiento de derechos en torno a la sucesión a la que pertenecía la propiedad objeto del contrato y un pro-yecto de contrato que se había preparado por otro abogado. Así las cosas, adoptó el documento de acuerdo con la infor-mación recibida. El licenciado Vargas Velázquez señaló que, posterior a ello, el quejoso suscribió un convenio sin su asesoramiento.
Ante tales alegaciones, ordenamos a la Oficina del Pro-curador General que incoara la querella, la cual se pre-sentó el 8 de mayo de 2012. Al licenciado Vargas Velázquez se le imputó la violación a los Cánones 18 y 38 del Código de Ética Profesional, 4 LPRAAp. IX, e infracción al Art. 56 de la Ley Notarial de Puerto Rico, 4 LPRA see. 2091, y a la Regla 68 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV.
Posteriormente, referimos el asunto a la atención de la Comisionada Especial, la cual rindió el respectivo informe. En este concluyó que el licenciado Vargas Velázquez violó los Cánones 18 y 38 del Código de Ética Profesional, supra, *734 y que no incurrió en las violaciones al Art. 56 de la Ley Notarial de Puerto Rico y a la Regla 68 del Reglamento Notarial, supra.
La Comisionada Especial razonó que el letrado infringió el Canon 18 al no advertir ni orientar a los otorgantes del contrato que este era nulo, ya que el señor Santiago Vega no era el titular ni tenía derecho alguno sobre la propiedad que pretendía vender. Asimismo, determinó que se confi-guró la violación al Canon 38 porque el licenciado Vargas Velázquez no cumplió con su función notarial al no orientar a los otorgantes como parte de su deber como notario. En cuanto a las violaciones al Art. 56 de la Ley Notarial de Puerto Rico y a la Regla 68 del Reglamento Notarial, supra, la Comisionada Especial concluyó que no hubo trans-gresión porque no se constituyó un contrato real de com-praventa, puesto que el quejoso no podía transmitir derecho real alguno.
Evaluados los documentos que obran en el expediente del caso, estamos en posición de atender el asunto ante nuestra consideración.
r — l I — I
El notario está obligado a cumplir con la Ley Notarial de Puerto Rico y su reglamento, con los cánones de ética profesional y con las leyes pertinentes a los documentos que autoriza. Este es el representante de la fe pública y de la ley, por lo que su función es orientar y advertir imparcialmente. Regla 4 del Reglamento Notarial, 4 LPRA Ap. XXIV. En ese ministerio, le corresponde al notario cerciorarse de que los negocios que se realizan ante él cum-plan con la normativa legal vigente. In re Molina Fragosa, 166 DPR 567 (2005).
Ese compromiso está atado al deber ético impuesto por el Canon 18 del Código de Ética Profesional, supra, que requiere a los abogados defender a sus clientes *735 diligentemente, desplegando en cada caso su más profundo saber y habilidad. Para ello, los abogados deben actuar dentro de los límites de la ley. El notario debe acatar este compromiso con la mayor diligencia, pues su función es la base de la fe pública notarial y es quien tiene a su encargo dar eficacia a los actos y negocios jurídicos que quieran realizar las partes. Por lo tanto, el oficio del notario re-quiere el asesoramiento adecuado sobre las normas relati-vas al negocio que desean realizar las partes que acuden a él. 4 LPRA see. 2002. El desconocimiento de las normas jurídicas y del ejercicio de su profesión vulneran la natu-raleza misma del notariado en nuestra jurisdicción y cons-tituyen una violación al referido Canon 18. In re Ortiz Medina, 175 DPR 43, 49 (2008).
Por su parte, el Canon 38 del Código de Ética Profesional, supra, impone al abogado la exaltación del honor y la dignidad de su profesión, a tal grado, que debe evitar hasta la apariencia de conducta impropia y conducirse de forma digna y honorable. Así, se le requiere que aconseje y asesore cumpliendo con la ley y respetando al poder judicial y a los organismos administrativos. Por eso, es imprescindible que el notario observe la mayor pureza y honestidad en el descargo de la fe pública notarial. Otorgar un documento notarial en contravención a la ley y al reglamento notarial constituye una infracción al Canon 38, supra. Su violación puede ser el resultado de un desempeño profesional carente de la cautela y el celo que demanda la función pública del notario. Véanse: In re Amundaray Rivera, 163 DPR 251, 257 (2004); In re Sepúlveda Girón, 155 DPR 345, 363 (2001).
En lo que nos atañe, el Art. 56 de la Ley Notarial de Puerto Rico, supra, autoriza a los notarios a dar testimonio o declaración de autenticidad de un documento que no forme parte del protocolo de instrumentos públicos. Además de dar fe sobre la fecha en la cual se autorizó el testimonio, el notario puede autenticar las firmas que apa- *736 recen en el documento con el fin de acreditar que los otor-gantes firmaron en su presencia. Ahora bien, esa función se circunscribe a algunos casos. Específicamente, el Art. 56, supra, establece que el notario no puede autenticar fir-mas de documentos sobre ciertos actos. Igual disposición está recogida en la Regla 68 del Reglamento Notarial, supra. Así, se dispone que el notario está impedido de le-gitimar las firmas de un acto que debe constar en un docu-mento público por disposición del Art. 1232 del Código Civil, 31 LPRA see. 3453. Entre estos, el notario no puede autenticar la firma de “[l]os actos y contratos que tengan por objeto la creación, transmisión, modificación o extinción de derechos reales sobre bienes inmuebles”. (Énfasis suplido). 31 LPRA see. 3453(1). El fundamento consiste en que, como regla general, el notario no asume la responsa-bilidad por el contenido de los documentos privados en los que legitime la firma, por lo que autorizar el testimonio de autenticidad en el acto de crear, transmitir, modificar o extinguir un derecho real sobre un bien inmueble frustra la disposición del Código Civil, que requiere al notario autorizar en documento público este tipo de negocio. In re Muñoz Fernós, 184 DPR 679, 684 (2012); In re Ortiz Medina, supra, págs. 51-52.
I — I hH I — I
A base de los postulados expuestos, un notario que autoriza un testimonio de autenticidad en un contrato de compraventa viola el Canon 18, supra. In re Ortiz Medina, supra. La razón para ello es que un notario que actúa con-trario a alguna ley, viola este canon. Véase In re García Cabrera et al., 188 DPR 196 (2013).
Como expusimos, tanto el Código Civil como la Ley Notarial de Puerto Rico y su reglamento prohíben que los notarios legitimen la firma de los otorgantes en contratos como el que nos ocupa. El hecho de que el señor Santiago *737 Vega no fuera el titular de la propiedad objeto del contrato de compraventa no justifica la corrección de la intervención del licenciado Vargas Velázquez. Como hemos establecido, las prohibiciones del Art. 56 de la Ley Notarial de Puerto Rico, supra, y del Art. 68 del Reglamento Notarial, supra, no distinguen en el hecho de si hubo o no una com-praventa perfecta. Véase In re Ortiz Medina, supra. La realidad es que el licenciado Vargas Velázquez legitimó la firma de los otorgantes en un contrato de compraventa de un bien inmueble, contrario a lo que dispone la ley.
Los notarios no deben relegar su deber de ser sumamente cautelosos en el ejercicio de su práctica, y deben tener presente en todo momento las consecuencias que pueden acarrear sus negligencias u omisiones en el desempeño de su deber. Así, corresponde a un notario orientar a las partes que acuden con la intención de transmitir un bien que forme parte de un caudal hereditario, sobre los requisitos para lograr tal compraventa. Esto máxime cuando aún no se ha llevado a cabo la partición correspondiente, por lo que no existe aún un derecho sobre un bien específico o que se pueda enajenar o gravar alguna cuota específica, a menos que exista el consentimiento unánime de todos los coherederos. Vega Montoya v. Registrador, 179 DPR 80, 89-90 (2010).
En el caso ante nos, el licenciado Vargas Velázquez tuvo ante sí aquellos documentos que demostraban la imposibi-lidad de la ejecución del contrato de compraventa que pre-tendían acordar las partes. Sin embargo, no instruyó a los comparecientes sobre esta particularidad y limitó su inter-vención a ajustar el lenguaje del contrato otorgado. Su omisión de no advertir ni orientar sobre la necesidad de una declaratoria de herederos, de la comparecencia de los miembros de la sucesión, entre otras, constituyen una falta de competencia y una violación a los Cánones 18 y 38 del Código de Etica Profesional, supra.
Finalmente, al determinar la sanción disciplina- *738 ria que debe imponerse a un abogado, hay que considerar su reputación en la comunidad, el historial previo de sanciones disciplinarias, la aceptación de la falta y su sincero arrepentimiento, si se trata de una conducta aislada, el ánimo de lucro que medió en su actuación, el resarcimiento al cliente y cualesquiera otras circunstancias atenuantes o agravantes que medien de acuerdo con los hechos. In re González Hernández, 190 DPR 164 (2014).
En este sentido, consideramos como atenuantes que contra el licenciado Vargas Velázquez solo se han presentado dos quejas desde que juramentó como notario hace más de 35 años, que no hubo un ánimo de lucro en su intervención, que su actuación no perjudicó a ninguna parte y que la queja fue presentada casi nueve años desde que el notario autenticó las firmas.(2)
IV
Por lo expuesto, se censura enérgicamente al licenciado Vargas Velázquez por haber autenticado las firmas de unos otorgantes en un contrato de compraventa y faltar así a su deber de instruirlos sobre los pormenores necesarios para que se diera el referido negocio jurídico. Se le apercibe que en el futuro deberá dar fiel cumplimiento a dichas normas, ya que su incumplimiento podría conllevar la imposición de sanciones disciplinarias más severas.

Se dictará sentencia de conformidad.

 Para hacer los arreglos sucesorales, el quejoso contrató los servicios del Ledo. Luis R. Mendoza Ramírez.

 Ambas quejas se presentaron en el 2012, la presente y otra que está pen-diente ante la consideración de este Tribunal.